# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 17-1426V
Filed: July 24, 2019
UNPUBLISHED

| | |
|---|---|
| LINDSEY LALLY,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                Respondent. | Special Processing Unit (SPU); Fact Ruling; Onset; Tetanus Diphtheria acellular Pertussis (Tdap) Vaccine; Shoulder Injury Related to Vaccine Administration (SIRVA) |

*Amber Diane Wilson*, Maglio Christopher & Toale, PA, Washington, DC, for petitioner.
*Robert Paul Coleman, III*, U.S. Department of Justice, Washington, DC, for respondent.

### **FACT RULING**[1]

**Dorsey**, Chief Special Master:

      On October 4, 2017, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that that she suffers from a left shoulder injury related to vaccine administration ("SIRVA"), resulting from a Tetanus-Diphtheria-acellular Pertussis ("Tdap") vaccine administered on August 8, 2016. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] The undersigned intends to post this ruling on the United States Court of Federal Claims' website. **This means the ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

For the reasons discussed below, the undersigned finds the onset of petitioner's shoulder injury related to vaccine administration ("SIRVA") occurred within 48 hours of vaccination. Specifically, petitioner suffered pain within 48 hours of vaccination.

## I.     Relevant Procedural History

In support of her claim, petitioner filed medical records (Exs. 1-3, 5-7, 9), her own affidavit (Ex. 4), and an affidavit from her friend and former co-worker, Deidre Ryan-Delaney (Ex. 10). Deadlines for respondent to report his position in the case were set following the November 6, 2017 initial status conference. Orders, ECF Nos. 9, 11, 14, 16, 19. On July 6, 2018, respondent reported that he intended to contest entitlement. ECF No. 21.

Respondent filed his Rule 4(c) report contesting entitlement on September 4, 2018. ECF No. 24. The undersigned ordered respondent to file an amended report addressing petitioner's evidence in greater detail. Order, ECF No. 25. Respondent filed an amended Rule 4(c) report on October 23, 2018. Resp.'s Am. Rep., ECF No. 27. In his amended report, respondent argued that petitioner had not met her burden of establishing that the onset of her alleged shoulder injury occurred within 48 hours of her August 8, 2016 Tdap vaccination. *Id.* at 4-6. A status conference was held on November 26, 2018 to discuss resolving the parties' onset dispute by fact ruling. Order, ECF No. 28.

Thereafter, the undersigned reviewed the evidence and determined that a fact hearing would not be necessary. Order, ECF No. 32. A schedule for concurrent briefing without responses was set. *Id*. The parties filed their briefs on June 4, 2019. Pet.'s Mot., ECF No. 38; Resp.'s Brief, ECF No. 37. The matter is now ripe.

## II.     Issue

At issue is whether petitioner's first symptom or manifestation of onset after vaccine administration was within 48 hours as set forth in the Vaccine Injury Table. 42 C.F.R. § 100.3(a) I.C & II.C. (2017) (Tdap vaccination). Additionally, the Qualifications and aids to interpretation ("QAI") for a Table SIRVA requires that a petitioner's pain occur within this same time frame, 48 hours. 42 C.F.R. § 100.3(c)(10).

## III.     Authority

Pursuant to Vaccine Act § 13(a)(1)(A), a petitioner must prove, by a preponderance of the evidence, the matters required in the petition by Vaccine Act § 11(c)(1). A special master may find that the first symptom or manifestation of onset of

an injury occurred "within the time period described in the Vaccine Injury Table even though the occurrence of such symptom or manifestation was not recorded or was incorrectly recorded as having occurred outside such period."  Vaccine Act § 13(b)(2).  "Such a finding may be made only upon demonstration by a preponderance of the evidence that the onset [of the injury] . . . did in fact occur within the time period described in the Vaccine Injury Table."  *Id.*

A special master must consider, but is not bound by, any diagnosis, conclusion, judgment, test result, report, or summary concerning the nature, causation, and aggravation of petitioner's injury or illness that is contained in a medical record.  Vaccine Act § 13(b)(1).  "Medical records, in general, warrant consideration as trustworthy evidence. The records contain information supplied to or by health professionals to facilitate diagnosis and treatment of medical conditions.  With proper treatment hanging in the balance, accuracy has an extra premium. These records are also generally contemporaneous to the medical events."  *Curcuras v. Sec'y of Health & Human Servs.*, 993 F.2d 1525, 1528 (Fed. Cir. 1993).

### IV.     Finding of Fact

The undersigned makes the finding after a complete review of the record to include all medical records, affidavits, testimony, expert reports, respondent's Rule 4 report, and additional evidence filed.  Specifically, the undersigned bases the finding on the following evidence:

- Petitioner received the Tdap vaccine in her left deltoid on August 8, 2016.  Ex. 1 at 1; Ex. 2 at 41; Ex. 9 at 9.
- Petitioner avers that when receiving her August 8, 2016 Tdap vaccine, the administering nurse stuck the needle into petitioner's arm twice causing significant and immediate pain.  Ex. 4 at 1-2.
- Petitioner emailed her primary care physician on November 28, 2016 stating that during administration of Tdap vaccine, she "jerked [her] arm back and it came out before it was complete. The nurse then did it again."  Ex. 5. Petitioner reported that she "had the usual pain afterwards, but [she] still ha[s] pain in [her] arm at the injection spot and it seems to be getting worse."  *Id.*
- On December 8, 2016, petitioner was seen by Anthony K. Park, M.D., a doctor at petitioner's PCP's office, with complaints of left shoulder pain that petitioner related to the Tdap vaccination of August 8, 2016.  Ex. 2 at 60. Petitioner reported that her left shoulder hurt immediately after vaccination, and that she experienced some bruising for one and one-half weeks.  *Id.*
- Petitioner began physical therapy on January 12, 2017.  Ex. 2 at 75.  During this session, petitioner reported that her left shoulder pain began "after getting her TDAP shot."  *Id.* at 75.
- Petitioner went for an orthopedic consult on April 25, 2017.  Ex. 3 at 5.  The history from this appointment indicates that petitioner "associated shoulder pain with Tdap given last year."  *Id.*

- Petitioner had a phone consultation with orthopedist Dr. David Yi on July 25, 2017 discussing her treatment options. Ex. 7 at 6. The record from this consultation notes that petitioner "has had L shoulder pain for 1+ yr, coincided with tetanus shot." *Id.*

The above medical entries are consistent with petitioner's affidavit testimony that her pain began at the time she received the Tdap vaccine on August 8, 2016. Petitioner's former co-worker and friend, Ms. Ryan-Delaney, also recalls petitioner complaining of shoulder pain starting upon receipt of the Tdap vaccination in August 2016. Ex. 10. The undersigned finds the sworn testimony of petitioner and her witness to be credible and in agreement with the contemporaneously created treatment records. As such, the undersigned finds preponderant evidence that the onset of petitioner's left shoulder injury occurred within 48 hours of her August 8, 2016 Tdap vaccination.

### V.     Scheduling Order

Respondent shall file a status report by **Thursday, September 5, 2019**, indicating whether he is interested in exploring an informal resolution of petitioner's claim.

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master
