# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
## No. 17-1426V
## (not to be published)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

|  |  |
|---|---|
| LINDSEY LALLY, | |
| Petitioner, | Filed: March 24, 2021 |
| v. | Entitlement; Decision by Proffer; |
| | Damages; Tetanus-Diphtheria-Acellular |
| SECRETARY OF HEALTH AND | Pertussis ("Tdap") Vaccine; Shoulder |
| HUMAN SERVICES, | Injury Related to Vaccine Administration |
| | ("SIRVA"). |
| Respondent. | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Amber Wilson*, Wilson Science Law, Washington, DC, for Petitioner
*Christine Becer*, U.S. Department of Justice, Washington, DC, for Respondent

## DECISION AWARDING DAMAGES[1]

On October 4, 2017, Lindsey Lally ("Petitioner") filed a petition, seeking compensation under the National Vaccine Injury Compensation Program ("the Vaccine Program").[2]  Pet., ECF No. 1.  alleged that she developed a shoulder injury related to vaccine administration ("SIRVA") as a result of receiving a tetanus-diphtheria-acellular pertussis vaccine on August 8, 2016.  *See* Proffer at 1, ECF No. 66; *see also* Pet.

On July 24, 2019, former Chief Special Master Dorsey issued Findings of Fact that found

---

[1] Because this Decision contains a reasoned explanation for my actions in this case, I will post it on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012).  **This means the Decision will be available to anyone with access to the internet.** As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).  Otherwise, the whole Decision will be available to the public. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. §§ 300aa-10–34 (2012)) (hereinafter "Vaccine Act" or "the Act"). All subsequent references to sections of the Vaccine Act shall be to the pertinent subparagraph of 42 U.S.C. § 300aa.

Petitioner's left arm pain occurred within 48 hours of vaccination.  ECF No. 39.

On October 8, 2020, Respondent filed an Amended Rule 4(c) Report, stating that, "While preserving his right to appeal the Chief Special Master's Findings of Fact, respondent submits that petitioner has otherwise satisfied the criteria set forth in the Vaccine Injury Table and the Qualifications and Aids to Interpretation ("QAI") for SIRVA."  Resp't's Am. Rep. at 2, ECF No. 57.  Respondent also requested a ruling on the record regarding Petitioner's entitlement to compensation.  *Id.*

In light of Respondent's request, I issued a Ruling on Entitlement on October 9, 2020.  ECF No. 59.

Respondent filed a proffer on March 22, 2021 (ECF No. 66), agreeing to issue the following payments:

1.  A lump sum payment of **$76,529.44** paid in the form of a check to Petitioner; $75,000.00 for pain and suffering, and $1,529.44 for past unreimbursable expenses related to [Petitioner's] vaccine-related injury.

These amounts represent all elements of compensation for all damages that would be available under § 300aa-15(a).

I adopt the parties' proffer attached hereto, and award compensation in the amount and on the terms set forth therein.  I, therefore, award compensation in the amount of **a lump sum payment of $76,529.44, in the form of a check payable to Petitioner, Lindsey Lally**.  The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>s/ Katherine E. Oler</u>
Katherine E. Oler
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

---

|                                    |   |                       |
|------------------------------------|---|-----------------------|
| LINDSEY LALLY,                     | ) |                       |
|                                    | ) |                       |
| Petitioner,                        | ) |                       |
|                                    | ) | No. 17-1426V          |
| v.                                 | ) | Special Master Oler   |
|                                    | ) | ECF                   |
| SECRETARY OF HEALTH AND            | ) |                       |
| HUMAN SERVICES,                    | ) |                       |
|                                    | ) |                       |
| Respondent.                        | ) |                       |

---

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On October 4, 2017, Lindsey Lally ("petitioner") filed a petition for compensation under

the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to 34 ("Vaccine Act"

or "Act"), alleging that she suffered a shoulder injury related to vaccine administration

("SIRVA"), as defined in the Vaccine Injury Table, following administration of a tetanus-

diphtheria-acellular pertussis ("Tdap") vaccine on August 8, 2016.  Petition at 1.  On October 8,

2020, the Secretary of Health and Human Services ("respondent") filed an Amended Vaccine

Rule 4(c) Report advising that, in light of former Chief Special Master Dorsey's Findings of Fact

ruling that the onset of petitioner's left arm pain occurred within 48 hours of vaccination, and the

medical evidence submitted in this case, respondent did not dispute that petitioner had satisfied

all legal prerequisites for compensation under the Vaccine Act.  Amended Rule 4(c) Report at 3

(ECF #57).  On October 9, 2020, Special Master Oler issued a Ruling on Entitlement, finding

that petitioner was entitled to vaccine compensation for her shoulder injury related to vaccine

administration ("SIRVA").[1]  *See* Ruling on Entitlement (ECF #59).

---

[1] Respondent has no objection to the amount of the proffered award of damages set forth herein.
Assuming the Special Master issues a damages decision in conformity with this proffer,

I. **Items of Compensation**

    A.    Pain and Suffering

    Respondent proffers that petitioner should be awarded $75,000.00 for pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4).  Petitioner agrees.

    B.    Past Unreimbursable Expenses

    Evidence supplied by petitioner documents that she incurred past unreimbursable expenses related to her vaccine-related injury.  Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $1,529.44.  *See* 42 U.S.C. § 300aa-15(a)(1)(B).  Petitioner agrees.

    These amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

II. **Form of the Award**

    Petitioner is a competent adult.  Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment as described below and requests that the Special Master's decision and the Court's judgment award the following[2]:  a lump sum payment of $76,529.44, in the form of a check payable to petitioner.

III. **Summary of Recommended Payments Following Judgment**

    Lump sum payable to petitioner, Lindsey Lally:                **$76,529.44**

---

respondent waives his right to seek review of such damages decision.  However, respondent reserves his right, pursuant to 42 U.S.C. § 300aa-12(e), to seek review of the Special Master's October 9, 2020, entitlement decision.

[2] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future lost earnings and future pain and suffering.

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Acting Deputy Director
Torts Branch, Civil Division

DARRYL R. WISHARD
Assistant Director
Torts Branch, Civil Division

s/Christine Mary Becer
CHRISTINE MARY BECER
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel:  (202) 616-3665
Christine.m.becer@usdoj.gov

DATED:  March 22, 2021